**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF THOMAS C. MICHAELIDES, BAR NO. 5425.

No. 67259

**FILED**

SEP 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

### ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Thomas C. Michaelides. Under the agreement, Michaelides admitted to violations of RPC 1.2 (scope of representation and allocation of authority between client and lawyer), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.15 (safekeeping property), RPC 3.2 (expediting litigation), RPC 3.4 (fairness to opposing party and counsel), RPC 5.3 (responsibilities regarding nonlawyer assistants), RPC 8.1 (bar admission and disciplinary matters; knowingly making a false statement of material fact), and RPC 8.4 (misconduct).

The agreement provides for a six-months-and-one-day stayed suspension and a three-year period of probation with the following conditions: (1) Michaelides must obtain a mentor, at his own expense and approved by the State Bar, to monitor and review his law office practice,

15-28969

including trust account management and the calendaring of hearings, and implement any recommendations made by the mentor that are approved by the State Bar; (2) Michaelides must complete six CLE credits in law office management during the first year of his probation;[1] (3) Michaelides must not receive any grievances for conduct that occurs during the probation period that results in the imposition of discipline; and (4) he must pay the actual costs of the disciplinary proceeding (excluding bar counsel and staff salaries) within 30 days of receipt of a billing from the State Bar, or on a payment plan approved by the State Bar. The disciplinary panel accepted the agreed-upon discipline but with two additional conditions of probation: (5) Michaelides must pay any damages incurred by his clients in the matters in which he represented them that were caused by his misconduct and agree to binding arbitration to resolve any dispute about the amount of any such damages and (6) he must continue to receive substance abuse treatment from Dr. Levy and/or any other substance abuse professional, as agreed to by the State Bar, and provide quarterly reports of his attendance to the State Bar as long as he is on probation. Bar counsel and Michaelides verbally agreed to these additional conditions of probation.

Based on our review of the record, we conclude that agreed-upon discipline is insufficient in relation to Michaelides conduct. We therefore reject the conditional guilty plea agreement and remand this

---

[1]These credits are in addition to the annual CLE credits required under the SCR.

matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Saitta


PARRAGUIRRE and GIBBONS, JJ., dissenting:

We conclude that the guilty plea agreement should be approved and therefore dissent.

_____, J.
Parraguirre

_____, J.
Gibbons

---

[2]The Honorables Michael A. Cherry and Kristina Pickering, Justices, voluntarily recused themselves from participation in the decision of this matter.

cc: Chair, Southern Nevada Disciplinary Panel
Pitaro & Fumo, Chtd.
Bar Counsel, State Bar of Nevada
Kimberly Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court